IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MUSTAFA ABDULLAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action |
| | ) | No. 04-3069-CV-S-GAF-H |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER AND JUDGMENT

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the petition herein for a writ of habeas corpus was referred to the United States Magistrate for preliminary review under the provisions of 28 U.S.C. § 636(b).

The United States Magistrate has completed his preliminary review of the petition herein for a writ of habeas corpus and has submitted to the undersigned a report and recommendation that the petition for a writ of habeas corpus be dismissed without prejudice.

Petitioner has filed exceptions to the report and recommendation of the Magistrate in which he continues to assert that his forced participation in the Bureau of Prisons ["BOP's] Inmate Financial Responsibility Program ["IFRP"] is unconstitutional and is a violation of his rights because it takes a core sentencing decision out of the hands of the Article III Court, usurping the sentencing court's authority.

Having fully reviewed the record de novo, the Court agrees with the Magistrate that the Bureau of Prisons has not violated petitioner's constitutional rights by scheduling a partial payment plan for the fine he has incurred.

In 1990, petitioner was sentenced in the United States District Court for the Western District of Missouri, by the Honorable Elmo B. Hunter, to an aggregate period of 425 months incarceration, and a monetary penalty of a $35,000.00 fine and a $100.00 Mandatory Penalty Assessment were imposed. The judgment provided that,"This sum shall be paid as follows: that defendant pay any outstanding balance on court-ordered assessment of fine in full within the term of supervised release." [Judgment, at 5].

Although petitioner continues to maintain that the BOP has exceeded its authority and has deprived him of constitutional rights through the imposition of fine payments pursuant to the IFRP, he has cited no authority for these propositions. He acknowledged that federal prisoners have no protected liberty or property interest in job or housing assignments, but contends that the fact that the BOP's actions disadvantage only those inmates who are financially incapable of paying their fines, prior to or immediately following incarceration, raises other serious constitutional concerns. In the instant case, however, petitioner does not allege that he has been deprived of due process or equal protection because of an inability to pay the fine, but rather, he continues to assert that the BOP has overstepped the authority of the executive branch and intruded upon a judicial function. The Court agrees with the Magistrate, however, that the BOP is acting within its discretion in setting a payment schedule for petitioner, and the privileges he stands to lose if he does not comply do not implicate the Constitution.

Based on the file and records in this case, it is concluded that the findings of fact, conclusions of law, and proposed actions of the Magistrate are correct and should be approved. It is therefore

ORDERED that petitioner's exceptions filed herein be, and they are hereby, CONSIDERED and OVERRULED. It is further

ORDERED that petitioner be, and he is hereby, denied leave to proceed in forma pauperis. It is further

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

    /s/ Gary A. Fenner
GARY A. FENNER
United States District Judge

Date: November 21, 2005